IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 12-228 |
| v. | : | |
| | : | CIVIL ACTION |
| FITZGERALD HORTON | : | No. 18-202 |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                    **March 26, 2021**

Defendant Fitzgerald Horton filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set

aside, or correct his sentence asserting claims for ineffective assistance of counsel, prosecutorial

misconduct, and lack of jurisdiction. Horton alleges his attorney was constitutionally ineffective

by failing to challenge the affidavit and search warrant used to seize his computer and cell phone

containing child pornography, failing to challenge the admissibility of his statements to law

enforcement during the execution of the search warrant, and failing to object to

certain Confrontation Clause issues. Horton also alleges prosecutorial misconduct based on

misleading statements to the jury. Horton's final claim challenges the Court's jurisdiction

over his case. Because Horton's motion is untimely, and because his claims are meritless, his

motion will be denied without an evidentiary hearing.

## BACKGROUND

In 2013, Horton was indicted and charged with 13 counts arising out of his possession of

child pornography and exploitation of his 12-year-old stepdaughter. [1] His indictment came after

local authorities determined his IP address shared child pornography. Once the IP address was

---

[1] Counts 1–11 charged Horton with using or inducing a child to produce child pornography images,
in violation of 18 U.S.C. § 2251(a). Count 12 charged Horton with distribution of child
pornography, in violation of 18 U.S.C. § 2252(a)(2). Count 13 charged Horton with possession of
child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

linked to Horton, local authorities obtained and executed a search warrant of Horton's home and all computer-related equipment.

During the execution of the search warrant, Horton voluntarily spoke with police. In this conversation Horton admitted to hiding a video camera in the only bathroom in his home and to downloading pornography accidentally. After these admissions, Horton ended the interview.

The search warrant resulted in the discovery and seizure of child pornography on both Horton's computer and cell phone. The pornography included images of Horton's stepdaughter from the hidden camera in the bathroom and some taken while the child was asleep.

Horton moved to suppress the images found on his cell phone arguing the cell phone did not fall within the scope of the search warrant. Because the search warrant permitted officers to seize internal and peripheral storage devices used to store computer data, Horton's motion was denied.

The case then proceeded to trial and a jury convicted Horton of 10 counts of using or inducing a child to produce child pornography images and one count of possession of child pornography. On July 30, 2014, Horton was sentenced to 276 months' imprisonment.[2]

Horton appealed his conviction challenging the denial of his motion to suppress and the application of two sentencing enhancements. On January 22, 2016, the Third Circuit Court of Appeals affirmed his conviction and sentence. Horton then petitioned for a writ of certiorari which was denied on January 9, 2017. On January 10, 2018,[3] Horton filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

---

[2] Horton was sentenced to 36 months' imprisonment on the possession count and 240 months' imprisonment on the remaining counts to be served consecutively.

[3] Horton's motion is dated January 8, 2018. However, the prison receipt stamp is dated January 10, 2018. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[W]e hold that a pro se

In this motion, Horton argues his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel. Horton argues his attorney was constitutionally ineffective because he (1) failed to challenge the validity of the search warrant; (2) failed to object to an officer testifying to the contents of an affidavit he did not prepare in violation of the Confrontation Clause; (3) did not move to suppress his statement because he was interrogated without being advised of his right to an attorney in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (4) failed to illicit exculpatory expert testimony to dispute whether he used certain internet search terms indicative of child pornography; and (5) failed to object to jury instructions that varied the elements necessary to convict under 18 U.S.C. § 2251(a). Horton also argues his conviction should be vacated due to prosecutorial misconduct including misleading the jury, withholding evidence, and fabricating evidence. Finally, Horton argues the Court lacked jurisdiction over his case.

The Government opposes Horton's motion arguing it is untimely and in the alternative, his claims are procedurally defaulted and meritless.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law[ ] or is otherwise subject to collateral attack." Horton must plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In evaluating a § 2255 motion, the

---

prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Horton's motion is untimely. But even upon consideration of his claims, they are either procedurally defaulted or meritless. The Court will therefore deny his motion.

## A. Timeliness

Horton's motion was filed one day late and is therefore untimely. A § 2255 motion must be brought within one year of the date on which a judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final on the date the Supreme Court denies certiorari. *See Reinhold v. Rozum*, 604 F.3d 149, 154 (3d Cir. 2010). A pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison officials for delivery to the district court. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The Supreme Court denied certiorari in this case on January 9, 2017, making Horton's conviction final on that same date. Horton thus had until January 9, 2018, to deliver his habeas petition to prison officials. Horton delivered his petition to prison officials on January 10, 2018, however, and was thus filed one day late. *See* Pet. 132, ECF No. 156 (stamp of receipt dated January 10, 2018). Because even a petition filed one day late is untimely, Horton's motion must be dismissed. *See Brown v. United States*, No. 10-2784, 2012 WL 2132449, at *1 (D.N.J. June 12, 2012) ("[B]ecause the Supreme Court denied the writ on May 26, 2009, and the petition was filed on May 27, 2010, the petition was late." (internal citations omitted)).

## B. Procedural Default

Horton's claims for prosecutorial misconduct and lack of jurisdiction are procedurally barred. "Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." *Hodge v. United*

*States*, 554 F.3d 372, 378–79 (3d Cir. 2009) (citation omitted). In other words, if a movant has neglected to raise an issue on direct appeal, he is procedurally defaulted from raising them in a § 2255 motion. *See id.* "But courts will exempt a movant from that rule if he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default." *Id.* (citations omitted).

Horton raised only two issues on direct appeal: (1) his motion to suppress was erroneously denied because his cell phone did not fall within the scope of the search warrant, and (2) two sentencing enhancements were improperly applied. Horton did not raise any of the claims he raises in this petition on direct appeal. In fact, on appeal, he explicitly did not challenge the validity of the search warrant or whether probable cause existed to search his cell phone. *See United States v. Horton*, 638 F. App'x 126, 128 (3d Cir. 2016). His claims are thus procedurally defaulted unless he shows cause and prejudice. *See United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *3 (E.D. Pa. Nov. 13, 2020) (finding claims not raised on direct review were procedurally barred absent a showing of cause and prejudice). Because Horton does not state any reason to find cause and prejudice for his claims for prosecutorial misconduct and jurisdiction, these claims must be dismissed.[4] *See Pitts v. United States*, 122 F. Supp. 3d 221, 227 (E.D. Pa. 2015) (finding

---

[4] These claims are also without merit. First, to prevail on a § 2255 motion based upon prosecutorial misconduct, the defendant must demonstrate that the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). Horton makes vague allegations that the Government submitted Exhibit 2A while knowing it was false and fabricated, the Government provided a victim name in Count 12 of the Indictment, and during closing arguments, stated Horton "should have just pled guilty." Mot. 29–30, ECF No. 156. There is no evidence that Exhibit 2A was false or fabricated. Any claim related to Count 12 is irrelevant because Horton was acquitted of that Count. And the Government's statement that he should have just pled guilty was taken out of context. According to the transcript, the Government stated there was not going to be evidence of Horton admitting the photos of his stepdaughter's genitals were taken on his cell phone because if he did admit that, "he might as well of just pled guilty." The

prosecutorial misconduct claims were procedurally defaulted because not raised before collateral attack stage).

### C.  Ineffective Assistance of Counsel

Although Horton's remaining claims are also procedurally defaulted, he asserts ineffective assistance of counsel to excuse the default and the Court will thus address the merits. Regardless, the Court finds no merit in these claims, will not excuse the procedural default, and will thus deny the balance of the motion.

"Ineffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default." *Hodge*, 554 F.3d at 379 (citation omitted). The question as to whether the remaining claims can proceed is dependent on whether Horton's counsel was ineffective as he contends in his claims. To prevail on a claim of ineffective assistance of counsel, a movant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show counsel's performance was deficient, the movant must demonstrate "that counsel's representation fell below an objective standard of reasonableness," when measured under "prevailing professional norms." *Id.* at 688. In evaluating counsel's performance, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

---

Government then told the jury to look at the evidence that *was* presented—including the victim's testimony. There was no direct statement that Horton should have pleaded guilty.

Second, jurisdiction over Horton's case was proper. Congress regulates possession and production of child pornography under the Commerce Clause using the jurisdictional hook of requiring items be transported in interstate commerce. *See United States v. Galo*, 239 F.3d 572, 575 (3d Cir. 2001) (holding jurisdiction of child pornography is provided through Commerce Clause, including 18 U.S.C. §§ 2251–52). Horton's claim for lack of jurisdiction is thus meritless.

To establish prejudice under the *Strickland* test, the movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability in this context means "a probability sufficient to undermine confidence in the outcome." *Id.*

Horton first argues his attorney was ineffective for failing to challenge the validity of the search warrant and the affidavit supporting probable cause. The Fourth Amendment protects individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV. "'[T]he ultimate measure of the constitutionality of a governmental search is reasonableness[,]' *Maryland v. King*, 133 S. Ct. 1958, 1969 (2013) (internal quotation marks omitted); however, absent special circumstances, law enforcement agents must obtain a warrant from a neutral magistrate based on probable cause." *United States v. Golson*, 743 F.3d 44, 51 (3d Cir. 2014).

A court must give "great deference to the magistrate judge's probable cause determination" in analyzing a challenge to a probable cause determination underlying a warrant. *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001). "A magistrate judge properly finds probable cause when, considering the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[A]s long as there is a substantial basis for a fair probability that evidence will be found [,]" a warrant must be upheld. *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir.1993).

Under these standards, the search warrant was supported by probable cause. Law enforcement attached a 12-page affidavit detailing the investigation which produced probable cause to search Horton's residence. Law enforcement was conducting an undercover investigation using a file sharing service when a video file depicting child pornography was shared along with the IP address of the user who shared the file. The IP address belonged to Horton at his home

address. The search warrant and affidavit described the shared video in detail. With this information, the search warrant was sufficiently supported by probable cause to search the address where the IP address shared and downloaded the video. *See United States v. Lee*, 701 F. App'x 175, 180 (3d Cir. 2017) (finding sufficient basis for finding of probably cause where the affidavit had a "sufficiently detailed" description images to conclude they contained child pornography).

Having found that there was sufficient basis for a finding probable cause, the Court concludes Horton can show neither deficient performance nor prejudice from his trial counsel's failure to challenge the search warrant. *See West v. United States*, No. 13-5339, 2017 WL 187147, at *4 (D.N.J. Jan. 17, 2017) (finding probable cause to search premises based on IP address that shared child pornography and denying ineffective assistance of counsel claim); *United States v. Cephas*, No. 12-6625, 2014 WL 3035603, at *2–3 (E.D. Pa. July 3, 2014) (denying ineffective assistance of counsel claim for failure to challenge search warrant because petitioner could not show prejudice where there was sufficient basis for probable cause). Therefore, this claim for ineffective assistance of counsel does not provide a basis for excusing the procedural default and will be denied.[5]

---

[5] To the extent Horton contends the search warrant affidavit contained false statements, he has failed to meet his burden to show he is entitled to relief. "The Fourth Amendment prohibits the intentional or reckless inclusion of a material false statement (or omission of material information) in a search-warrant affidavit." *United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012) (citation omitted). The defendant must (1) make a "substantial preliminary showing" that the affiant knowingly or recklessly included a false statement in or omitted facts from the affidavit, and (2) demonstrate that the false statement or omitted facts are "necessary to the finding of probable cause." *Id.* (citation omitted). Here, Horton does neither. He has only made vague allegations that the name of the shared file was omitted (although the name of the shared file is in fact in the affidavit) and the video was represented as a collection. This falls short of making a substantial preliminary showing or establishing the false or omitted facts were necessary to find probable cause. *See Cephas*, 2014 WL 3035603, at *5 n.6 (finding defendant was not prejudiced by trial counsel's failure to request a hearing on omitted facts in search warrant affidavit).

Horton's next claim is premised on his trial counsel's failure to object to a Confrontation Clause violation. Horton states Agent Zajac testified to documents prepared by Lieutenant Peifer which was "highly prejudicial" to him. His petition states nothing more to develop this claim and although he attached several portions of the trial transcript, he did not attach any relevant portion where Agent Zajac testified before the jury.[6] Without more, the Court cannot conclude Horton's trial counsel was deficient for failing to make this objection nor prejudice therefrom. *See United States v. Le*, No. 09-50, 2020 WL 3830910, at *4 (E.D. Pa. July 8, 2020) (dismissing ineffective assistance of counsel claim for failure to develop factual basis of claim and without "specific allegations as to counsel's deficiency"). The Court also notes Lieutenant Peifer testified at trial and was thus subject to cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 60 n.9, (2004) ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."). This claim is thus not excused from procedural default and will be denied.

Horton's next claim alleges his trial counsel was deficient for failing to move to suppress his statement because he was interrogated without being advised of his *Miranda* rights.[7] In order to show deficient performance based on the merits of a suppression motion, Horton must show that "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011) (citations omitted). "The rule of *Miranda* applies if two requirements are met: a defendant must be (1) 'in custody' and (2) subject to 'interrogation' by the Government."

---

[6] Horton attached Agent Zajac's testimony at a motion to suppress hearing and a brief page from trial in which there is a discussion regarding an objection to characterizing the victim as a child or girl. *See* Def.'s Attachment L, at 42, ECF No. 156.

[7] Although Horton contends his trial counsel should have moved to dismiss the indictment, the Court construes this claim liberally to allege that his trial counsel should have moved to suppress his statements made to law enforcement during the execution of the search warrant.

*United States v. Dupree*, 617 F.3d 724, 731 n.7 (3d Cir. 2010) (citing *Miranda*, 384 U.S. at 444). A motion to suppress would have failed because the record shows Horton was not in custody when he gave his statement. As a result, Horton cannot show that no competent attorney would think a motion to suppress would have failed.

There are several factors a court must consider when determining whether a defendant was "in custody" at the time of an interrogation:

> (1) whether the officers told the suspect he was under arrest or free to leave; (2) the location or physical surroundings of the interrogation; (3) the length of the interrogation; (4) whether the officers used coercive tactics such as hostile tones of voice, the display of weapons, or physical restraint of the suspects movement; and
>
> (5) whether the suspect voluntarily submitted to questioning.

*United States v. King*, 604 F.3d 125, 138 (3d Cir. 2010) (quoting *United States v. Willaman*, 437 F.3d 354, 359 (3d Cir. 2006)). Horton was told he was not under arrest and was free to end questioning at any time. *See* Statement Tr. 1–2, ECF No. 161-3. He stated, "I ha[ve] no objection to talking." *Id.* He was questioned in the basement of his home and was neither handcuffed nor restrained. The questioning lasted approximately 11 minutes before Horton said he wanted to stop talking. The questioning immediately ended at that time. Upon review of the transcript, there is no evidence of hostile tones of voice or coercive questioning tactics. Also, there is no evidence that weapons were displayed or that Horton was restrained in any way. These factors do not show Horton was in custody at any time during questioning. *See United States v. Killingsworth*, 118 F. App'x 649, 652 (3d Cir. 2004) (holding defendant was not in custody when he made a voluntarily statement to officers in his home, without arrest or restraint, and terminated at his request). Considering this, the Court finds a reasonable competent attorney would think a motion to suppress

this statement would have failed.[8] *See Butler v. Britton*, No. 08-1594, 2010 WL 3632713, at *19 (W.D. Pa. Aug. 11, 2010) (denying ineffective assistance of counsel claim for failing to move to suppress a statement because it did not appear the motion would have been successful). This claim thus fails to excuse his procedural default and will be denied.

Horton next challenges his trial counsel's failure to illicit exculpatory facts from the defense expert witness. In a defense expert report, the expert states "search terms recovered from [Horton's desktop] did not appear to be indicative of terms used to search for child pornography." Am. Pet. 48, Ex. M, ECF No. 158. Horton argues this evidence should have been disclosed to the jury and had it been presented, the jury would have acquitted him. Horton does not state which charge this evidence would have been relevant to considering he was convicted of using a child to create child pornography by taking photos of his 12-year-old stepdaughter and possession of child pornography and several videos and images were found on his computer and cell phone. Whether Horton used search terms indicative of child pornography does not change the fact that he took photos and videos of his stepdaughter or possessed child pornography. The Court therefore presumes trial counsel knew this evidence was not a key factor on these charges and did not pursue a defense based on lack of searching for child pornography. *See United States v. Lynn*, No. 09-279, 2014 WL 7408698, at *5 (W.D. Pa. Dec. 30, 2014) (finding deficiency prong not satisfied where defendant could not show expert's testimony would have been key to his case). For this same reason, Horton cannot show prejudice from trial counsel's alleged failure. *See id.* This claim is thus not excused from procedural default and will be denied.

---

[8] In fact, trial counsel moved to exclude the portion of Horton's statement in which he asked to terminate the interview. Because trial counsel moved to exclude this portion based on Horton's right to remain silent, the record shows trial counsel recognized Horton's *Miranda* rights were not at issue during his voluntary statement. *See* Mot. in Limine, ECF No. 29, 59.

Horton's final claim challenges trial counsel's failure to object to the jury instructions for the 18 U.S.C. § 2251(a) charges. He alleges that the jury charge was required to state an additional element of the offense: "the produced depiction[] was mailed or actually moved, . . . transported in interstate or transmitted in foreign commerce, affecting interstate or foreign commerce." Am. Mot. 14, ECF No. 158. This element, that the produced depiction be moved through interstate commerce, is not a necessary element of the offense. To secure a conviction under § 2251(a), the Government must prove beyond a reasonable doubt that: "(1) the victim was less than 18 years old; (2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) the visual depiction *was produced using materials* that had been transported in interstate or foreign commerce." *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010) (citation omitted) (emphasis added). Although the Government may secure a conviction by proving the depiction was transported in interstate or foreign commerce, this element may also be established by proving that the depiction was produced using materials that had been transported in interstate or foreign commerce.[9] This element was properly stated in the jury charge, and Horton's trial

---

[9] There are three alternatives in which the final element of the offense may be established: (1) the defendant knew or should have known that the visual depiction would be mailed or transported through interstate commerce, (2) the visual depiction was produced using materials transported through interstate commerce, or (3) the visual depiction was mailed or actually transported across state lines or in foreign commerce. *See* 18 U.S.C. § 2251(a) (stating offense as using a minor to engage in sexually explicit conduct for visual depiction "if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed").

counsel was not deficient for failing to object to the instruction. This claim is thus not excused from procedural default and will also be denied.

**CONCLUSION**

Horton's motion is untimely. But even upon consideration of his claims, they are all procedurally defaulted. For the claims in which he attempts to excuse procedural default by alleging ineffective assistance of counsel, Horton has failed to show his trial counsel was deficient or prejudice therefrom. These claims are thus not excused from procedural default. Accordingly, the Court will deny the entirety of Horton's § 2255 motion.

The Court will also deny Horton's request for an evidentiary hearing. When a § 2255 motion is filed, a district court must "grant a prompt hearing" and "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this case, the record conclusively shows Horton is not entitled to any relief. Therefore, no evidentiary hearing is required. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (holding § 2255 does not require "that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be"); *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008))).

Finally, the Court must address whether Horton is entitled to a certificate of appealability, which is required by 28 U.S.C. § 2253(c)(1) as a precondition to his right to seek review of this decision by the Third Circuit Court of Appeals. A certificate may only issue where a movant makes

"a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which, after a determination of the merits of a § 2255 motion, requires a showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Horton has failed to make a substantial showing of the denial of a constitutional right, and the Court finds it unlikely reasonable jurists would disagree with its determination of the merits of his motion, the Court will not issue a certificate of appealability.

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.